UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERVARUS L. GARY,

    Plaintiff,

    v.                                 CAUSE NO. 3:25-CV-296-JD-AZ

W. BROWN, J. SMILEY,

    Defendants.

OPINION AND ORDER

Tervarus L. Gary, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gary alleges that on March 11, 2025,[1] Sergeant W. Brown, accompanied by other officers, came to force him into a dorm that he refused to go to. Gary alleges he took a writeup for not going into the dorm. Sergeant Brown was verbally assaulting Gary

---

[1] In one part of the complaint, Gary says this occurred in March 2024, and in another he says it occurred in March 2025. The court will assume it happened in March 2025 because Gary was not sentenced to prison until November 2024. *See State v. Gary*, No. 20D01-2405-F5-000140 (Elkhart Super. Ct. decided Oct. 9, 2024), available at mycase.in.gov.

while walking him from Dorm 7 and threatened that something was going to happen to him. Gary kept walking until Sergeant Brown told him to stop. He stopped, and Sergeant Brown walked to the front, knocked Gary's property box out of his hand, and said, "Now, bitch, get down on the ground." ECF 1 at 2. Sergeant Brown pushed at him while tripping him, trying to make Gary either fall or fight back.

Gary fell to the ground, and Sergeant Brown stood over him and said, "Now get your bitch ass up." ECF 1 at 3. Gary stood up, only to have Sergeant Brown force him down again. Then, Sergeant Brown told him to get up again. Gary alleges his arm was injured during this encounter and he had marks and bruises. Gary says his arm is still messed up.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal quotation marks and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Prisons are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). Several factors are explored when determining whether an officer's

2

use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890. Gary has plausibly alleged that Sergeant Brown's use of force was malicious and may proceed against him on an Eighth Amendment claim.

Gary may not proceed, however, on a claim against Warden J. Smiley. Gary does not mention Warden Smiley in the body of the complaint, so it appears the warden is being sued solely because he oversees the prison. A claim under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This means that supervisors cannot be held liable just because their subordinates may have violated the constitution; to be held liable a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There are no such allegations here concerning Warden Smiley. He will be dismissed.

For these reasons, the court:

(1) GRANTS Tervarus L. Gary leave to proceed against Sergeant W. Brown in his individual capacity for compensatory and punitive damages for the alleged use of excessive force on March 11, 2025, when he pushed Gary down twice without provocation in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES J. Smiley;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant W. Brown at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant W. Brown to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 13, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT