UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERVARUS L. GARY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-296-JD-AZ |
| W. BROWN, | |
| Defendant. | |

OPINION AND ORDER

Tervarus L. Gary, a prisoner without a lawyer, is proceeding in this case "against Sergeant W. Brown in his individual capacity for compensatory and punitive damages for the alleged use of excessive force on March 11, 2025, when he pushed Gary down twice without provocation in violation of the Eighth Amendment[.]" ECF 8 at 3. Sgt. Brown filed a motion for summary judgment, arguing Gary did not exhaust his administrative remedies before filing this lawsuit. ECF 23. Gary filed a response, and Sgt. Brown filed a reply. ECF 30, 34. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.

2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

Sgt. Brown provides Gary's grievance records, a copy of the Offender Grievance Process, and an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF"), which show the following facts: The Offender Grievance Process, which was available at all times to Gary, required him to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 23-1 at 2, 5; ECF 23-2 at 3. Gary's grievance records show he never submitted any grievance related to his claim that Sgt. Brown used excessive force against him on March 11, 2025. ECF 23-1 at 5-6; ECF 23-3. Gary did submit an unrelated grievance on March 25, 2025, regarding his need for drug treatment, which shows he had knowledge of and access to the grievance procedure. ECF 23-1 at 6; ECF 23-4. The Grievance Specialist attests that, because Gary had knowledge of and access to the grievance procedure but never submitted any grievance complaining of Sgt. Brown's alleged use of force on March 11, he did not exhaust his available administrative remedies before filing this lawsuit. ECF 23-1 at 6.

In his response to the summary judgment motion, Gary states "The exhausting of my remedies are not being allowed by WCC prison." ECF 30 at 1. But Gary does not provide any explanation or cite to any evidence explaining how his administrative remedies were unavailable, and his conclusory assertion that he was "not being allowed" to exhaust his remedies is insufficient to create any genuine dispute. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir.

2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted). The Grievance Specialist attests Gary never submitted any grievance related to Sgt. Brown's March 11 use of force, and Gary does not respond to or dispute that attestation. Moreover, it is undisputed Gary successfully submitted an unrelated grievance on March 25, 2025, which shows he had access to and knowledge of the grievance process during the relevant time period. *See Wagoner v. Lemmon*, 778 F.3d 586, 591 (7th Cir. 2015) (the fact the plaintiff was able to exhaust some grievances is a reason to reject his claim that he was prevented from exhausting other grievances). Because Gary does not allege any facts or cite to any evidence explaining why he was unable to submit a grievance related to Sgt. Brown's March 11 use of force, his vague assertion that he was "not being allowed" to exhaust his remedies is insufficient to show his administrative remedies were unavailable. *See Trade Fin. Partners,* 573 F.3d at 407 ("inferences relying on mere speculation or conjecture will not suffice" to create a genuine dispute).

Gary also argues that "as the case moves forward the remedies will get exhausted." ECF 30 at 1. But the PLRA required Gary to exhaust his administrative remedies *before* filing this lawsuit. *See Perez*, 182 F.3d at 535 ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts

4

intra-prison remedies before judgment"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later). Lastly, Gary argues his underlying claim against Sgt. Brown has merit, but that is not relevant to the analysis of whether he exhausted his administrative remedies before filing this lawsuit. *See Perez*, 182 F.3d at 535 ("the district court lacks discretion to resolve the claim on the merits" if the plaintiff did not exhaust his administrative remedies before filing his lawsuit); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (holding that, where exhaustion is contested, the court must first determine whether the plaintiff exhausted his administrative remedies before addressing the merits of the case).

Accordingly, the defendants have provided undisputed evidence Gary did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance related to his claim Sgt. Brown used excessive force against him on March 11, 2025. Gary concedes he did not fully exhaust any grievance and has not raised any genuine dispute regarding whether his administrative remedies were available. Therefore, the defendants have met their burden to show Gary did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS Sgt. Brown's motion for summary judgment (ECF 23); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Brown and against Tervarus L. Gary and to close this case.

5

SO ORDERED on February 23, 2026

          /s/JON E. DEGUILIO
          JUDGE
          UNITED STATES DISTRICT COURT